IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANNA M. CALLAHAN,

      Plaintiff,

v.                                                                                                     No. 99cv0116 JP/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's (Callahan's) Motion to Reverse for Payment of Benefits, or in the Alternative, to Remand for Rehearing, filed December 8, 1999. The Commissioner of Social Security issued a final decision denying Callahan's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand for rehearing is well taken and recommends that it be GRANTED.

      Callahan, now fifty years old, filed her application for disability insurance benefits on March 15, 1994, alleging disability since April 8, 1991, due to a back injury. On December 20, 1995, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Callahan was able to perform light work and therefore was not disabled according to the grids. Tr. 248. The Appeals Council granted Callahan's request for review. However, because the hearing tapes were

inaudible, the Appeals Council remanded for a *de novo* hearing and for consideration of all evidence submitted with the request for review. Tr. 263-64. On January 23, 1998, after the new hearing, the ALJ denied benefits to Callahan. In the January 23, 1998 decision, the ALJ found Callahan could perform simple, unskilled work at the sedentary and light exertional levels, with no diminishment of her capacity to work as a result of her nonexertional psychological impairment. Tr. 36, 37. Applying the Medical-Vocational Guidelines (grids), the ALJ concluded Callahan could perform a significant number of jobs in the national economy. Tr. 37. The Appeals Council declined Callahan's request for review. Therefore, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Callahan seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.

2

20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse and remand, Callahan makes the following arguments: (1) the ALJ's finding that Callahan's mental impairment does not meet or equal the Listing of Impairments is not supported by substantial evidence and is contrary to law; (2) the ALJ's finding that Callahan can perform simple, unskilled sedentary and light work is not supported by the evidence; (3) the ALJ's application of the grids was improper because the ALJ did not adequately consider Callahan's nonexertional impairments; (4) the ALJ improperly weighed the opinions of the treating and consulting physicians; (5) the ALJ's credibility analysis was flawed in several respects; and (6) the ALJ failed to consider that Callahan had been found eligible for disability benefits by the State of New Mexico for the General Assistance program, which is contrary to law.

In response, the Commissioner moves the Court to remand this case to the Commissioner for further administrative action pursuant to sentence four (4) of § 205(g) of the Social Security

3

Act, 42 U.S.C. § 405(g).[1] The Commissioner contends that further development is necessary so this Court can perform a complete review of this case without having to make *de novo* findings. The Commissioner concedes that such a remand is necessary because the ALJ relied on the grids at step five of the sequential evaluation process even though Callahan had severe mental impairments that caused significant nonexertional limitations.

Having considered the parties' arguments, the administrative record, relevant law, and being fully informed, the Court finds that the motion to remand is well taken and recommends that it be granted. The Commissioner should be given the opportunity to determine with the testimony of a vocational expert whether there are jobs Callahan is qualified to perform.

## RECOMMENDED DISPOSITION

The motion to remand for rehearing should be granted. This case should be remanded to the Commissioner for the ALJ to re-evaluate Callahan's mental condition and residual functional capacity (RFC). The ALJ shall have a vocational expert testify regarding the number of jobs Callahan can perform given her exertional and nonexertional limitations. In addition, on remand, the ALJ should link his credibility determination with specific evidence of record.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

---

[1] Section 405(g), sentence four states in pertinent part:

The court shall have power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.